UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MIGUEL FLAQUER | : | |
| | : | |
| v. | : | C.A. No. 07-442S |
| | : | |
| LUIS O. DIAZ | : | |

**REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On December 4, 2007, Plaintiff Miguel Flaquer filed a *pro se* Complaint against Attorney Luis O. Diaz. Plaintiff is a federal prisoner held at the Wyatt Detention Facility awaiting sentencing on a drug trafficking conspiracy conviction before District Judge Alan Nevas on December 21, 2007 in Bridgeport, Connecticut. See United States v. Flaquer, CRIM. No. 3:05-CR-00059 (AHN). Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $450.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that it is unable to presently decide the Application because Plaintiff has not submitted a certified copy of his prison account statement as required by 28 U.S.C. § 1915(a)(2). Thus, Plaintiff's Application (Document No. 2) is DENIED without prejudice.

However, if Plaintiff were to be granted IFP status, this Court would in any event be required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and

to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED WITH PREJUDICE because it is "frivolous" or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff's claim is straightforward. He alleges that Mr. Diaz "had no license to practice in the State of Connecticut and took my family money." Document No. 1 at 3. Mr. Diaz is an attorney with offices in New York, New York. See Document Nos. 81-83 in United States v. Flaquer, CRIM. No. 3:05-CR-00059 (AHN) (D. Conn.). Mr. Diaz is licensed to practice law in New York and New Jersey. Id. On November 28, 2005, Mr. Diaz's request for pro hac vice admission as "a visiting lawyer to represent" Plaintiff in his criminal case was granted by the District of Connecticut and Attorney Diaz appeared on behalf of Plaintiff in that case. Id. Attorney Diaz is presently identified as one of Plaintiff's retained attorneys in the District of Connecticut criminal case.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be

unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

The sole basis for Plaintiff's claim is that Attorney Diaz was not licensed to practice in the State of Connecticut. However, Court filings in Plaintiff's pending criminal case in the District of Connecticut reveal that Attorney Diaz followed the proper procedure and was granted permission by the Court to represent Plaintiff as a "visiting attorney." Thus, the fact that Attorney Diaz was not licensed in Connecticut has no legal significance in and of itself. Plaintiff's Statement of Claim in

his Complaint (Document No. 1 at 3) does not allege legal malpractice or specify any other claim against Attorney Diaz.

In addition, Plaintiff does not allege any federal claim against Attorney Diaz so this Court's subject matter jurisdiction, if any, would only arise out of diversity of citizenship. 28 U.S.C. § 1332. When jurisdiction is based solely on diversity, a case may only be brought in the District where the defendant resides (or otherwise has contacts establishing personal jurisdiction) or where a "substantial part" of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a). Here, the Court filing in Plaintiff's criminal case reveals that Attorney Diaz has a law office in New York and resides in New Jersey, and the legal representation in issue took place in Connecticut. Thus, proper venue does not lie in this District. Finally, Plaintiff has not specified the amount in controversy in his claim against Attorney Diaz other than a general request for a refund of his family's money. However, given that Plaintiff's criminal case did not involve a trial (Plaintiff pled guilty in 2006), it seems highly unlikely that Plaintiff's claim would exceed the $75,000.00 required to invoke diversity jurisdiction. 28 U.S.C. § 1332(a).

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is DENIED without prejudice. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), this Court further recommends that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court

and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 6, 2007